# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO MORALES, SR. *ET AL.*, | CASE NO. CV 11-04757 SVW (SHx) |
| *Plaintiff,* | |
| vs. | **PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL MATERIALS** |
| CITY OF LOS ANGELES, *ET AL.*, | |
| *Defendants.* | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

After reviewing the parties' joint Stipulation for Protective Order re: Disclosure of Confidential Materials, and finding good cause therefore, the Court hereby orders:

1. Defendants may designate as confidential LAPD's Internal Affairs complaints and investigations, and unredacted copies of LAPD's Daily Field Activities Reports and supervisor's logs, all of which Defendants believe contain information of a privileged, and confidential, private or sensitive nature, and the public dissemination of which, Defendants believe will jeopardize compelling interests. The designation of confidential shall be made by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect, provided such legend shall not obscure any part of the writing on any document to

which it is affixed. All documents and other tangible things so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

    (a) Counsel for the parties and to paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

    (b) Experts and investigators;

    (c) The Plaintiffs in this action;

    (d) Such other parties as may be agreed by written stipulation among the parties hereto.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(b), 3(c) or 3(d), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
> Dated: _____/s/_____"

5. Service of the second copy on the other party shall be made as to designated experts at the time of the designation and otherwise at the termination of the litigation.

6. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the party

which produced it, except as to Court personnel. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the producing party.

7. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the producing party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall make reasonable efforts to object to the request or subpoena on the grounds of this stipulation so as to afford the producing party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the producing party. However, in no event should production or disclosure be made without written notice to the producing party's counsel unless required by court order after serving written notice to the producing party's counsel.

8. A party who or which wishes to file any document in this litigation, which contains, or incorporates Confidential Information shall apply to file such document under seal pursuant to Local Rule 79-5. If the Court approves the application to file the document under seal, the document shall be filed in the manner required by the Local Rules or the Court's Order.

9. Counsel for the parties hereto shall request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise. Counsel for the parties further shall, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, unless having heard from counsel, the Court orders

otherwise.

10.  Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11.  The Stipulated Protective Order survives settlement, trial and/or appeal.

***IT IS SO ORDERED:***

DATED: November 10, 2011    _____

Honorable Stephen J. Hillman
UNITED STATES MAGISTRATE JUDGE